UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AKANIYENE WILLIAM ETUK,<br><br>       Plaintiff,<br><br>   -against-<br><br>CAMBA, INC.; ARROW SECURITY, INC.;<br>MISS CUMMBERBATCH; THE CITY OF<br>NEW YORK; KINGS COUNTY HOSPITAL;<br>ANIMAL CARE CENTER & JOHN DOE<br>PARTNERS,<br><br>       Defendants. | 24-CV-8886 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who resides in Staten Island, New York, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights when they participated in his being arrested and transported to a hospital against his will. He also alleges that, during these events, his service dog was transported to an animal care center and put up for adoption. Named as Defendants are (1) CAMBA, Inc., an organization that operates a Brooklyn, Kings County, New York men's shelter where Plaintiff was residing when these events transpired; (2) Arrow Security, a New York County security company that provides security at the men's shelter; (3) Miss Cummberbatch, a CAMBA staff member who allegedly participated in the events that led to Plaintiff's arrest; (4) the City of New York; (5) Kings County Hospital, the hospital where Plaintiff was transported; and (6) "Animal Care Center & John Doe Partners," the organization that allegedly placed Plaintiff's service dog for adoption.

  For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights at the CAMBA men's shelter located in Brooklyn. He claims that following an incident with Cummberbatch and an Arrow Security officer, New York City Police Department ("NYPD") officers detained him and then transported him against his will to Kings County Hospital. He also claims that, during his hospitalization, NYPD officers brought his service dog to an Animal Care Center and that employees of that organization put his dog up for adoption. Plaintiff attaches documentation to his complaint showing that his service dog was transported to a Queens County location. Finally, Plaintiff indicates that he filed an injunction to prevent the adoption of his service animal.

The complaint suggests that Defendants, both entities and individuals, are located in New York, Kings, and Queens Counties. Thus, under Section 1391(b)(1), venue is proper in this District and the Eastern District of New York. Because the events giving rise to Plaintiff's claims occurred in Kings and Queens Counties, venue under Section 1391(b)(2) is also proper in the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred at Plaintiff's Brooklyn shelter, Kings County Hospital, and a location in Queens County, where it appears his service dog was held. It is therefore reasonable to expect that all relevant documents and witnesses would be in Brooklyn and Queens, counties that fall within the Eastern District of New York. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 4, 2024
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge