UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

 AKANIYENE WILLIAM ETUK,

                    Plaintiff,                    **MEMORANDUM & ORDER**
                                                  24-CV-8698 (EK)(SDE)

          -against-

 CAMBA INC. et al.,

                    Defendants.

--------------------------------------x
ERIC KOMITEE, United States District Judge:

          Plaintiff Akaniyene William Etuk brings this civil

rights action against the City of New York, Kings County

Hospital, several private organizations, and a private

individual.  He is proceeding *pro se*.  Plaintiff's motion to

proceed *in forma pauperis* is granted for the purpose of this

order.  ECF No. 2.  The complaint is nonetheless dismissed for

failure to state a claim.

## I.   Background

          The following facts are taken from the complaint and

assumed to be true.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007).

          In October 2024, while Etuk was staying at the CAMBA

Men's Shelter, police officers and EMTs responded to an

altercation between him and another resident.  Compl. 10, ECF

No. 1.[1]  Plaintiff was handcuffed and taken to Kings County Hospital against his wishes.  *Id.*  There, he was forcibly medicated and held for six days.  *Id.* at 11.  While he was in the hospital, his service animal was seized by the police and taken to the Animal Care Center, where it was put up for adoption.  *Id.*

He brings claims for "unlawful detention and false arrest," excessive force, "denial of ADA protection," negligence, "wrongful medical diagnosis and treatment," violation of due process, and unreasonable search and seizure. Compl. 11-12.[2]  Plaintiff seeks monetary damages.  *Id.* at 12.

## II.  Legal Standard

A district court will dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  At this stage, "the court's task is to assess the legal feasibility of the complaint."  *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).[3]  In doing so, the court "must take the facts alleged in

---

[1] Page numbers in citations refer to ECF pagination.
[2] The defendants are CAMBA, Inc., Arrow Security, Inc., Miss Cummerbatch, the City of New York, Kings County Hospital, and the Animal Care Center and its John Doe Partners.  Compl. 9.
[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

the complaint as true, drawing all reasonable inferences in [the plaintiff's] favor." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007).

*Pro se* complaints are "held to less stringent standards" than pleadings drafted by attorneys, and the court will read a *pro se* complaint liberally and interpret it as raising the strongest claims it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice*." Id.*

### III. Discussion

**A.    Section 1983**

Plaintiff brings claims for "unlawful detention and false arrest," excessive force, "wrongful medical diagnosis and

3

treatment," "due process violation," and "undue search and seizure."  Compl. 11-12.  The nature of the due process and search-and-seizure claims is unclear.  *Id.* at 12.  The Court construes these claims against the City, Hospital, CAMBA, Arrow Security, and Miss Cummerbatch as brought under Rev. Stat. § 1979, 42 U.S.C. § 1983.

      1.    State Action as Against CAMBA, Miss Cummerbatch, Arrow Security, and Animal Control Center

To prevail on a Section 1983 claim, a plaintiff must allege that "a person acting under color of state law" has violated a right guaranteed by federal law.  *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).  Section 1983 does not, generally speaking, apply to claims against private individuals or private organizations.  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).  And plaintiff alleges no facts to suggest that CAMBA, Miss Cummerbatch, Arrow Security, or Animal Control Center functioned as state actors.  Therefore, the claims against them must be dismissed.

      2.    *Monell* Liability

The City may be liable under Section 1983, but only if Etuk shows that an official municipal policy or custom caused the deprivation of his constitutional rights.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).  He alleges

4

no such policy or custom, and therefore the claims against the City are dismissed.

### 3. Claims Against Kings County Hospital

Kings County Hospital, a division of the New York City Health and Hospitals Corporation ("HHC"), is not independently subject to suit. *Ingrassia v. Health & Hosp. Corp.*, 130 F. Supp. 3d 709, 716 (E.D.N.Y. 2015) (dismissing an operating division of HHC from an action); *see Sulaymu-Bey v. City of New York*, No. 17-CV-3563, 2019 WL 1434597, at *10 n.18 (E.D.N.Y. Mar. 29, 2019) (noting that HHC "has the capacity to be sued by statute, [but] Kings County Hospital does not"). But even if we construed plaintiff's claims as asserted against HHC, they would still be subject to the same requirements as the City under *Monell*, and plaintiff alleges no HHC policy or custom that caused a deprivation of his rights. *Torres v. City of New York*, No. 19-CV-6332, 2019 WL 6051550, at *5-6 (S.D.N.Y. Nov. 13, 2019).

**B.  ADA Claims**

Plaintiff brings an ADA claim against the City and NYPD officers for "unlawfully seizing and mishandling [his] service animal." Compl. 12. "To establish a claim under Title II [of the ADA], a plaintiff must demonstrate (1) that []he is a qualified individual with a disability; (2) that []he was excluded from participation in a public entity's services,

programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to h[is] disability." *Hamilton v. Westchester County*, 3 F.4th 86, 91 (2d Cir. 2021). Plaintiff does allege any "qualified disability" and therefore cannot claim the protection of the ADA. 42 U.S.C. § 12102; *Hamilton*, 3 F.4th at 93.

**C.    State-Law Claims**

We decline address plaintiff's state-law claims at this stage, given that the federal claims are not proceeding. 28 U.S.C. § 1367(c)(2); *see Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 31-32 (2025).

## IV.    Leave to Amend

If a "liberal reading of the complaint gives any indication that a valid claim might be stated," a *pro se* plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). The plaintiff may file an amended complaint within twenty-eight days of the date of this order. **The amended complaint will replace, not supplement, the original complaint, and must be captioned as "Amended Complaint" and include docket number 24-CV-8698 (EK).** Any amended complaint that plaintiff files will be reviewed for sufficiency. No summons shall issue at this time. If plaintiff fails to file an amended complaint, judgment shall be entered.

6

For free, confidential, limited-scope legal assistance, plaintiff may wish to contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project in Brooklyn by calling (212) 382-4729.

## V.    Conclusion

For the foregoing reasons, plaintiff's complaint is dismissed without prejudice.  28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 8.  The Clerk of Court is respectfully directed to mail a copy of this order to plaintiff and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


SO ORDERED.


/s/ Eric Komitee
ERIC KOMITEE
United States District Judge


Dated:     April 13, 2026
           Brooklyn, New York

7